IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL TROY WEBB, and<br>KIMBERLY ROSAMOND<br>FANSLAU,<br><br>Defendants. | CR 19-121-BLG-SPW<br><br>ORDER DENYING MOTION<br>FOR FAILURE TO COMPLY<br>WITH LOCAL RULES |

Before the Court is Defendant Webb and Defendant Fanslau's Joint Motion for Leave to File a Motion for Reconsideration, filed as two identical motions. (Doc. 79 and 80). Motions for Reconsideration are not specifically contemplated by the Federal Rules of Criminal Procedure. The Ninth Circuit has decided therefore that such motions are best governed by adhering to the civil equivalent rules. *United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000). Federal Rule of Criminal Procedure 57(b) states that a district court judge may regulate practice in any manner consistent with federal law, the rules of criminal procedure, and the local rules where there is no controlling law. Local Civil Rule 7.3(a) requires prior leave from the Court before filing a motion for reconsideration. Local Civil Rule 7.3(b) requires that such motions shall be limited to 2,275 words.

1

The Court has determined that Local Rule 7.3 should govern here. Local Rule 7.3(b)(1) requires that a motion for leave must specify why either the facts or applicable law are materially different than those previously presented to the court on the prior motion or that new material facts arose or a change of law occurred after the entry of the original order.

In their motion, Defendants state they would ask the Court to address three issues: (1) the application of Montana Code Annotated § 46-5-110(1)(c); (2) whether the good faith exception applies to an officer's mistake of law; and (3) further argument upon whether the Red Lion search warrant was properly supported. (Doc. 79 at 2-4). These issues do not fall into either of the prescribed specifications for motions for leave in Rule 7.3(b)(1) and Defendants have not presented any reason why, after the exercise of reasonable diligence, Defendants would not have known about these issues. In fact, Defendants primarily seek to repeat and reiterate their prior arguments to the Court, something expressly prohibited by Local Rule 7.3(c).[1] Therefore, Defendants have not presented the Court with an appropriate basis for their Motion for Reconsideration.

---

[1] Local Rule 7.3(c): **Prohibition Against Repetition of Argument.** No motion for leave to file a motion for reconsideration of an interlocutory order may repeat any oral or written argument made by the applying party before entry of the order. Violation of this restriction subjects the offending party to appropriate sanctions.

Adherence to these local rules will allow the Court, and the parties, to handle matters more expeditiously. Compliance with the local rules shall be required. Accordingly,

IT IS ORDERED that Defendants Webb and Fanslau's Motion for Leave to File a Motion for Reconsideration (Doc. 79 and 80) is DENIED.

DATED this 27th day of January, 2021.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge